UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GREGORY A. LININGHAM, #60684-080                                         PETITIONER

v.                                                    CIVIL ACTION NO. 3:15cv164-DPJ-FKB

WARDEN MOSLEY, FCC-Yazoo City Medium                                     RESPONDENT

ORDER OF DISMISSAL

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Gregory A. Liningham is a federal inmate presently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi. He filed this *pro se* Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. After reviewing the Petition [1] and Memorandum in Support [2], in conjunction with the relevant legal authority, the Court concludes that Liningham's Petition should be dismissed.

I.     Background

Petitioner was convicted by a jury in the United States District Court for the Western District of Texas of possession with intent to distribute more than 50 grams of crack-cocaine base in violation of 21 U.S.C. § 841(a)(1), and he was sentenced on December 1, 1993, to life imprisonment. *United States v. Liningham*, No. 6:93-cr-83-WSS-1 (W.D. Tex. Dec. 1, 1993). Petitioner states that he was sentenced as a career offender pursuant to 21 U.S.C. § 851 because of two prior California felony drug convictions. Pet'r's Mem. [2] at 4. Petitioner's conviction was affirmed by the United States Court of Appeals for the Fifth Circuit. *See United States v. Liningham*, 30 F.3d 1491, 1994 WL 398005 (5th Cir. July 18, 1994) (per curiam).

Petitioner subsequently filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, which was denied by the sentencing court.  Pet. [1] at 2.  Petitioner appealed the decision of the sentencing court, and the Fifth Circuit denied Petitioner's motion to proceed *in forma pauperis* and his motion for Certificate of Appealabilty.  *United States v. Liningham*, No. 01-50758 (5th Cir. Apr. 10, 2002).  Petitioner filed other postconviction motions.  Pet'r's Mem. [2] at 4; *see also United States v. Liningham*, 61 F. App'x 920, 2003 WL 1112724 (5th Cir. Feb. 19, 2003) (per curiam) (dismissing Petitioner's appeal of the district court's order striking Petitioner's fourth postconviction motion from the record as frivolous).  Petitioner subsequently filed an application for leave to file a successive § 2255 petition in the Fifth Circuit.  Pet'r's Memo. [2] at 4.  The Fifth Circuit denied Liningham's application.  *In re Liningham*, No. 14-50651 (5th Cir. Sept. 17, 2014).

As grounds for relief in the instant § 2241 habeas petition, Petitioner states that he is challenging "the legality of his ACTUAL INNOCENT of an § 851 Career Offender Statute Enhancement."  Pet. [1] at 4.  Petitioner claims that he meets the "savings clause" of § 2255(e) because he is actually innocent of the Career Offender Enhancement, and as such, he is entitled to proceed under § 2241 rather than § 2255.  *Id.*

Petitioner relies on *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), *Miller v. United States*, 735 F.3d 141, 145–46 (4th Cir. 2013), *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Persaud v. United States*, 134 S. Ct. 1023 (2014).  Pet'r's Memo. [2] at 5. Petitioner is requesting that his "SENTENCE/JUDGMENT be VACATED. . . and [that the case be] REMANDED for a NEW HEARING and/or RESENTENCING, in which Petitioner would

2

be eligible for an IMMEDIATE RELEASE to a HALF-WAY HOUSE and/or IMMEDIATE RELEASE." Pet. [1] at 5.

II.     Analysis

A federal inmate may attack the manner in which his sentence is being carried out or the prison authorities' determination of its duration in a habeas petition pursuant to 28 U.S.C. § 2241, filed in the same district where the prisoner is incarcerated. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). By contrast, a federal inmate's challenge to the validity of his conviction or sentence should be pursued in a motion pursuant to 28 U.S.C. § 2255, filed in the sentencing court. *Id.* (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (stating that "the primary means of collateral attack on a federal sentence" is a § 2255 motion)). If a prisoner is challenging errors that "occurred during or before sentencing," his claims should be pursued in a § 2255 motion. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997). Furthermore, a habeas petition under § 2241 is not a substitute for a motion under § 2255. *Pack*, 218 F.3d at 452.

In the event, however, a "petitioner can show that § 2255 provides him an inadequate or ineffective remedy, he may proceed by way of § 2241." *Wesson v. U.S. Penitentiary Beaumont, TX*, 305 F.3d 343, 347 (5th Cir. 2002) (per curiam) (citing *Pack*, 218 F.3d at 452). This is referred to as the "savings clause" of § 2255. *Id.* To meet the stringent inadequate-or-ineffective test to proceed under the savings clause, Petitioner "must show that (1) his claims are based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first § 2255 motion." *Id.* (citing

*Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001)).  Petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective to test the legality of his detention.  *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (per curiam) ("[T]he burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner.").

Petitioner argues that his prior felony drug convictions he received in the State of California are now considered misdemeanor convictions.  Pet'r's Mem. [2] at 10.  Petitioner argues that because his prior convictions do not meet the requirements of the career-criminal enhancement under 21 U.S.C. § 851, he is actually innocent of that enhancement.  *Id.* at 2.  But the Fifth Circuit has held that a claim of actual innocence of being a career offender fails to satisfy the requirements of the savings clause.  *See In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011) (per curiam) (holding that "a claim of actual innocence of [an] . . . enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241") (citing *Kinder v. Purdy*, 222 F.3d 209, 213–14 (5th Cir. 2000) (per curiam)).

Moreover, Liningham's citations to *Simmons*, *Miller*, *Descamps*, and *Persaud* do not demonstrate that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention.  Liningham filed with the Fifth Circuit a Motion for Authority to File a Successive 28 U.S.C. § 2255.  *See In re Liningham*, No. 14-50651 (5th Cir. Sept. 17, 2014).  Liningham's Motion challenged his prior convictions being used to enhance his sentence under 21 U.S.C. § 851, and in support, he relied on the Supreme Court decision of *Descamps*.  *Id.*  The Fifth Circuit denied Petitioner's Motion, finding that the Supreme Court did not indicate that the

*Descamps* decision set forth a new rule of constitutional law or that its ruling applied retroactively to cases on collateral review. *Id.* An unsuccessful attempt to receive authorization to file a successive § 2255 motion does not entitle Liningham to proceed with the same claim in a § 2241 petition. *See Kinder*, 222 F.3d at 213 (stating that relief is not available in a § 2241 petition under the savings clause based on Petitioner being barred from filing a § 2255 motion).

Additionally, because the decisions of *Simmons* and *Miller* are not Supreme Court cases, Petitioner does not meet the first requirement of the inadequate-or-ineffective test. And the Fifth Circuit has held that *Persaud* "is not a substantive decision" upon which § 2241 relief can be granted. *Sharbutt v. Vasquez*, 600 F. App'x 251, 262 (5th Cir. 2015) (per curiam). Clearly, Petitioner's claim is not "based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense." *See Wesson*, 305 F.3d at 347. Because Petitioner is required to prove both prongs of the inadequate-or-ineffective test to invoke the savings clause of § 2255, the Court need not address the second prong.

Liningham bears the burden of showing the inadequacy or ineffectiveness of the § 2255 remedy in order to proceed with his claim in a § 2241 petition. *See Jeffers*, 253 F.3d at 830. He fails to meet this burden. Therefore, Liningham is not entitled to habeas relief under § 2241.

III.    Conclusion

The Court has considered the pleadings and applicable law. For the reasons stated, this Petition for habeas relief pursuant to § 2241 is dismissed as frivolous. *See Ojo*, 106 F.3d at 683 (finding inmate's § 2241 petition asserting claims properly pursued under § 2255 to be "thoroughly frivolous"). Further, to the extent the Petition can be construed as a § 2255 motion, it is dismissed for lack of jurisdiction. *See Pack*, 218 F.3d at 454.

A separate final judgment will be entered in this action in accordance with Federal Rule of Civil Procedure 58.[1]

**SO ORDERED AND ADJUDGED** this the 8th day of June, 2015.

                                                  s/ *Daniel P. Jordan III*
                                                UNITED STATES DISTRICT JUDGE

---

[1] A certificate of appealability (COA) is not needed for a federal inmate to appeal the denial of relief under 28 U.S.C. § 2241. *See Castro Flores v. Dretke*, 120 F. App'x 537, 538–39 (5th Cir. 2005) (per curiam).